UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RICKY G. AARON            ]
    Petitioner,       ]
                          ]
v.                        ]   No. 3:09-0124
                          ]   Judge Trauger
TONY PARKER, WARDEN       ]
    Respondent.       ]

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Tony Parker, Warden of the facility, seeking a writ of habeas corpus.

On June 26, 2002, a jury in Davidson County found the petitioner guilty of especially aggravated sexual exploitation of a minor and false imprisonment. For these crimes, he received an aggregate sentence of eleven (11) years in prison, to run consecutively to a federal sentence the petitioner was already serving at the time.[1] Docket Entry No. 21-20 at pgs. 94-95.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions and sentences. Docket Entry No. 21-8. However, having granted a petition for rehearing, the Tennessee

---

[1] In federal court, the petitioner pled guilty to possession of child pornography and receipt of child pornography. He received concurrent sentences of fifty one (51) months in prison to be followed by three years of supervised release. <u>United States of America v. Ricky Grover Aaron</u>, No. 3:99-00085 (M.D. Tenn.)(Campbell, J., presiding), *aff'd* 2002 U.S. App. LEXIS 6255 (6th Cir.; 4/3/02), *cert. denied,* 537 U.S. 872 (2002).

1

Court of Criminal Appeals then modified the petitioner's eleven year sentence for the sexual exploitation of a minor to a sentence of nine years in prison.[2] Docket Entry No. 21-12. The Tennessee Supreme Court later denied petitioner's application for further direct review.

In September, 2005, the petitioner filed a *pro se* petition for state post-conviction relief in the Criminal Court of Davidson County. Docket Entry No. 21-21 at pgs. 7-38. Following the appointment of counsel, an amendment of the petition, and an evidentiary hearing, the trial court found that the petitioner's prosecution for false imprisonment had been untimely. Accordingly, the trial court vacated the petitioner's false imprisonment conviction but denied him any further post-conviction relief. *Id.* at pgs. 153-166. On appeal, the state appellate court affirmed the denial of additional post-conviction relief. Docket Entry No. 21-18. The Tennessee Supreme Court subsequently rejected the petitioner's application for further review. *Id.* at pg. 2.

On November 5, 2008, the petitioner filed the instant petition (Docket Entry No. 1) for writ of habeas corpus. The petition sets forth three primary claims for relief. These claims include :

>    1)   the ineffectiveness of trial counsel[3]
>          a) trial counsel failed to make a reasonable
>             investigation into evidence that would
>             have discredited prosecution witnesses;
>          b) trial counsel failed to object, seek a mistrial
>             or request a curative instruction for testimony
>             that had previously been ruled inadmissible;
>          c) trial counsel did not seek a dismissal of the
>             exploitation charge even though the evidence

---

[2] The petitioner's sentence was reduced in conformance with the holding of Blakely v. Washington, 124 S.Ct. 2531 (2004)(Blakely defines the relevant statutory maximum as "the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant").

[3] At trial, the petitioner was represented by Mike Engle and Rebecca Warfield from the Davidson County Public Defender's Office.

> > was insufficient to support a guilty verdict on that charge;
> > d) trial counsel failed to object to the use of his federal conviction as an enhancing factor for sentencing purposes because the conviction did not fit the definition of a "prior conviction";
>
> 2) the prosecution violated the petitioner's right to a speedy trial; and
>
> 3) the petitioner was denied a fair trial
> > a) there was insufficient evidence to support a conviction for the sexual exploitation of a minor;
> > b) the trial court erred when it failed to instruct the jury on the lesser included offense of "unlawful photographing";
> > c) it was error to allow evidence that the petitioner possessed child pornography;
> > d) the enhancement of the petitioner's sentence by the use of a "previous conviction" was error.

Upon its receipt, the Court conducted a preliminary examination of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 11) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

The respondent has filed an Answer (Docket Entry No. 20) to the petition, to which the petitioner has offered no reply. Upon consideration of the petition, respondent's Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

The respondent concedes that the petitioner's claims have been fully litigated in the state

3

courts on either direct appeal or during post-conviction proceedings and were found to be lacking in merit. Docket Entry No. 20 at pg. 2. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 120 S.Ct. 1511.

The petitioner asserts that the evidence was insufficient to support his conviction for the especially aggravated sexual exploitation of a minor (Claim No. 3a). The right to due process guaranteed to us by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as that quantum of "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 99 S.Ct. 2781, 2787 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.*, at 99 S.Ct. 2789.

4

In Tennessee, "it is unlawful for a person to knowingly promote, employ, use, assist, transport or permit a minor to participate in the performance of, or in the production of, acts or material that includes the minor engaging in : (1) sexual activity." Tenn. Code Ann. § 39-17-1005(a). Sexual activity is defined in the statute to include the "lascivious exhibition of the female breast or the genitals, buttocks, anus or pubic or rectal area of any person." Tenn. Code Ann. § 39-17-1002(8)(G).

At trial, the jury learned that the victim was fourteen (14) years old when she met the petitioner. Docket Entry No. 21-2 at pg. 197. The victim testified that, on one occasion, the petitioner showed her pornographic pictures of young children that he had downloaded off the Internet. *Id.* at pgs. 9-10. He later lured the victim to his office where he locked the door behind her. The petitioner told the victim that she could not leave until she had posed for some pictures. He used a gun to threaten her and made the victim disrobe. *Id.* at pg. 275. The petitioner offered the victim some pills which she refused to take. He touched her on the thigh and took five or six photographs of her, some while she was completely naked. *Id.* at pgs. 16-28.

Detective Jeffrey Goodwin of the Metropolitan Nashville Police Department investigated the victim's allegations. He testified that the petitioner "acknowledged that he did have child pornography pictures and that he did have some on his computer." *Id.* at pg. 187. The petitioner also admitted to the detective that he shared with the victim some child pornography pictures that he had downloaded off the Internet. *Id.* at pgs. 193, 195. Detective Goodwin was told by the petitioner that he had taken five or six nude photographs of the victim in his office.[4] *Id.* at pg. 196. A revolver matching the

---

[4] The photographs of the victim were never recovered. The petitioner claimed that he gave them to a friend from Arkansas and an acquaintance from work. Docket Entry No. 21-2 at pgs. 198-199.

5

description of the gun seen by the victim was recovered from the petitioner's truck. *Id.* at pg. 203.

From this evidence, any reasonable trier of fact could find that the petitioner had sexually exploited a minor by taking nude photographs of her. Therefore, petitioner's claim of insufficient evidence has no merit.

The petitioner also alleges four instances in which counsel was ineffective (Claim Nos. 1a-d). The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 90 S.Ct. 1441, 1449 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorneys' performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 104 S.Ct. 2052 (1984). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner claims that counsel were ineffective because they failed to seek dismissal of the exploitation charge (Claim No. 1c). He asserts that without the photographs of the victim that he admitted to taking, there was insufficient evidence for a conviction.[5] As noted above, there was more than ample evidence to support a conviction for the sexual exploitation of a minor. Even though the photographs were not available, there was proof in the record showing that the petitioner had taken

---

[5] This argument is based upon the holding of Rhoden v. Morgan, 863 F.Supp. 612 (M.D. Tenn. 1994), where a federal district court determined that an obscenity conviction could not be upheld in the absence of the photographs that were allegedly obscene. That case, however, is not controlling because it dealt with an obscenity statute that made certain materials illegal whereas the instant exploitation statute renders illegal certain conduct, which can more than amply be proven through eyewitness testimony alone. *Id.* at pg. 619 ("Where witness testimony is the only evidence from which a trier of fact may conclude that material is child pornography, the witness testimony must be specific enough for the trier of fact to evaluate whether the material actually portrays the lewd or lascivious exhibition of genitals").

6

Case 3:09-cv-00124   Document 22   Filed 05/27/09   Page 6 of 12 PageID #: 2030

at least one nude photograph of the minor victim exposing her breasts and genital area. Docket Entry No. 21-2 at pgs. 19-21. Because there was sufficient evidence to support the exploitation conviction, counsel was not deficient for failing to seek and obtain an early dismissal of the charge.

It is also claimed that counsel were ineffective because they failed to make a reasonable investigation into evidence that might have discredited prosecution witnesses (Claim No. 1a). At the post-conviction evidentiary hearing, the petitioner was the only witness to testify. Docket Entry No. 21-5. There was no testimony from other witnesses showing that the prosecution's case could have been discredited with additional investigation and preparation. As a consequence, the state courts were left to speculate as to what further investigation would have been called for under the circumstances. For this reason, the state courts found that the petitioner had failed to establish any type of prejudice arising from counsels' investigation of the case. Docket Entry No. 21-18 at pg. 14. Prejudice is a necessary element for any ineffective assistance claim. Strickland, *supra.* The record supports the finding of the state courts as to this particular claim. Hence, this ineffective assistance claim has no merit.

Prior to trial, the court ruled that evidence of child pornography found on the petitioner's computer would be inadmissible. Docket Entry No. 21-1 at pgs. 290-291. Contrary to this ruling, though, Detective Goodwin referred to the child pornography found on the petitioner's computer during his testimony. Docket Entry No. 21-2 at pg. 187. The petitioner alleges that counsel were ineffective for failing to object, seek a mistrial or request a curative instruction for Detective Goodwin's testimony (Claim No. 1b).

The victim had previously testified that the petitioner showed her child pornography that had been downloaded off the Internet. *Id.* at pgs. 9-10. Thus, when Detective Goodwin testified, the jury

7

already knew that the petitioner had been using his computer to access child pornography. Counsel did object to the testimony and a jury-out sidebar conference took place. *Id.* at pg. 188. The jury was not told how many illicit images had been recovered from the petitioner's computer. Nor was the jury told that the petitioner had been convicted in federal court of possession of child pornography. As a result, the petitioner has not shown prejudice arising from Detective Goodwin's testimony. Therefore, it necessarily follows that his ineffective assistance claim has no merit.

Petitioner's final ineffective assistance claim is based upon counsels' failure to object to the use of his federal conviction as an enhancing factor for sentencing purposes because the conviction did not fit the definition of a "prior conviction" (Claim No. 1d).[6]

Tennessee law permits a court to consider a defendant's "previous history of criminal convictions or criminal behavior" as an enhancement factor in sentencing. Tenn. Code Ann. § 40-35-114(1). A "previous history of criminal convictions or criminal behavior" has been defined to include any conviction prior to the sentencing hearing.[7] Docket Entry No. 21-18 at pg. 16. The petitioner had been convicted in federal court prior to sentencing in state court. Therefore, counsel was not deficient for failing to object to the use of the federal conviction as an enhancement factor. In the absence of deficient conduct, the petitioner is unable to prove a viable ineffective assistance claim.

The state courts applied the holding of Strickland, *supra*, to petitioner's ineffective assistance

---

[6] At the time of trial, the petitioner had already pled guilty and been sentenced in federal court for possession of child pornography. However, the federal offense had been committed after the offenses he was being tried for in state court. Under some circumstances, the federal conviction would not be considered a "prior conviction" for sentencing purposes.

[7] The petitioner disagrees with this interpretation of state law. Nevertheless, federal habeas corpus is not available to remedy an error of state law. Estelle v.McGuire, 502 U.S. 62, 67 (1991). Thus, a state court's interpretation of state law "binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 126 S.Ct. 602, 604 (2005).

8

claims and found that counsel had, under the circumstances, acted reasonably and in a manner that did not prejudice the defense. The record supports these findings.

The petitioner claims that the prosecution violated his right to a speedy trial (Claim No. 2). The Sixth Amendment guarantees a criminal defendant the right to a speedy trial. Doggett v. United States, 505 U.S. 647, 651 (1992). To determine whether this right has been violated, the Court is obliged to consider (1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) any prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972).

The indictment charging the petitioner with these crimes was issued on October 28, 1999. Docket Entry No. 21-20 at pgs. 6-8. The petitioner did not stand trial on the charges until June 24, 2002. Docket Entry No. 21-2 at pg. 2. Thus, there was a delay of thirty six (36) months from the time that the petitioner was charged until the time that he stood trial. Generally, a delay of one year or more marks the point at which courts deem the delay unreasonable enough to trigger a speedy trial analysis. Doggett, *supra* at 505 U.S. 652, n. 1.

The state courts determined that the delay in bringing the petitioner to trial was not an intentional act designed to harass or gain a tactical advantage over him. Rather, the delay was attributed to administrative negligence. Docket Entry No. 21-8 at pg. 11. The record does not suggest otherwise. Thus, this factor weighs against the prosecution to some degree.

The petitioner was formally notified of the charges against him via a detainer that was issued in January, 2001, while the petitioner was in custody serving his federal sentence. Docket Entry No. 21-1 at pgs. 35-36. During a pre-trial suppression hearing, the petitioner was asked about the detainer. In response, he made the following remarks :

9

> A. I thought when they brought me in and discussed the detainer on me, they asked me if I wanted a file, an IAD, to force them to come get me.
>
> Q. And what was your response?
>
> A. I said, no, they can come get me when they want and take me to court.

*Id.* at pg. 37.

According to the record, the petitioner did not assert his right to a speedy trial until one year later, in January, 2002, when he filed a request for action on the detainer. *Id.* at pgs. 37-38. Therefore, some blame for the delay must be shared by the petitioner.

The final factor in a speedy trial analysis is the prejudice that befell the petitioner as a result of the delay. Because the petitioner had been serving time in a federal penitentiary, he suffered no undue pre-trial incarceration arising from the delay. He does, however, assert four instances in which the delay in prosecution prejudiced his defense. More specifically, the petitioner claims that the delay (1) interfered with his ability to provide counsel with the names of co-workers who had seen the victim at the store where he worked, (2) interfered with his ability to recreate the events leading up to his arrest because the store he worked at had been destroyed, (3) prevented him from providing counsel with "relevant information" that had been stored on his computer because federal agents destroyed the computer, and (4) denied him an opportunity to have his state and federal sentences run concurrently rather than consecutively. Docket Entry No. 2 at pg. 12.

The prejudice alleged by the petitioner relating to the loss of witnesses, relevant information from his computer and the store where he worked is speculative at best. He provides no specifics to show that there was actually something more that the defense could have done, but for the delay in his prosecution. The petitioner also asserts that, pursuant to § 5G1.3 of the Federal Sentencing

10

Guidelines, his state and federal sentences would have been subject to concurrent rather than consecutive service. *Id.* The guideline cited by the petitioner did not absolutely require concurrent sentences if the petitioner had first been convicted in state court. Concurrent sentencing was merely an arguable outcome. Consequently, in the absence of some showing of prejudice arising from the delay, the state courts correctly found that the petitioner had not been denied his right to a speedy trial.

A petition for federal habeas corpus relief may only be granted when it is found that a citizen is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); Pulley v. Harris, 465 U.S. 37, 41 (1984). Because federal habeas corpus relief is only available to remedy errors of a federal nature, a claim that a conviction is the result of a state court's misapplication of state law is not cognizable unless the petitioner can establish that the error deprived him of a fundamentally fair trial. Lewis v. Jeffers, 497 U.S. 764 (1990). The Supreme Court has defined very narrowly the category of errors that violate fundamental fairness. Dowling v. United States, 493 U.S. 342, 352 (1990).

The petitioner has alleged that the trial court erred when it allowed testimony from Detective Goodwin indicating that he possessed child pornography (Claim No. 3c). The admission or exclusion of evidence in a state criminal trial is a matter of state law. *See* United States v. Scheffer, 523 U.S. 303, 308 (1998)('states have broad authority to promulgate rules that exclude evidence so long as they are not arbitrary or disproportionate to purposes they are designed to serve"). The petitioner has failed to show how the evidence of child pornography denied him a fundamentally fair trial, particularly in light of the fact that the victim also testified to this fact without objection from defense counsel. Consequently, the state courts properly held that this claim had no merit.

It is also claimed that habeas corpus relief should issue because the jury was not instructed as

11

to the lesser included offense of "unlawful photographing" (Claim No. 3b). A criminal defendant has no federally protected right to an instruction on lesser included offenses in a non-capital case. <u>Bagby v. Sowders</u>, 894 F.2d 792 (6th Cir. 1990). Thus, this claim is not actionable.

Finally, the petitioner claims that the enhancement of his sentence by the use of a previous conviction was error (Claim No. 3d). As already discussed above, Tennessee law allows a trial court to consider a defendant's "previous history of criminal convictions or criminal behavior" as an enhancement factor in sentencing. Tennessee Code Ann. § 40-35-114(1). There has been no showing that this particular ruling in any way deprived the petitioner of a fundamentally fair trial and sentence. Accordingly, this claim has no merit.

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Therefore, having carefully reviewed the record, it appears that the state court adjudication of petitioner's claims was neither contrary to nor an unreasonable application of federal law. The Court finds that the petitioner's habeas corpus petition lacks a meritorious claim upon which relief can be granted. Hence, the petition shall be denied and this action will be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge